**Kieno AUSTIN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–9511–CR–1294.

Supreme Court of Indiana.

July 7, 1997.

William F. Stasek, Jr., Indianapolis, for appellant.

Jeffrey Modisett, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for appellee.

SHEPARD, Chief Justice.

A Marion County jury found appellant Kieno Austin guilty of murder [1] and conspiracy to commit murder [2] in the death of Eric Taylor. The court sentenced him to sixty years in prison.

Austin raises two issues in this appeal:

1) Whether he was afforded a speedy trial pursuant to Indiana Criminal Procedure Rule 4(B)(1) when a continuance due to court congestion resulted in a trial outside the period permitted by the rule, and

2) Whether he was denied effective assistance of counsel due to counsel's failure to move for discharge.

We conclude that Austin's Rule 4 claim has not been preserved for appeal and that he has not established ineffective assistance of counsel. Accordingly, we affirm.

**Facts**

On or about September 19, 1994, Austin and four other men attacked Eric Taylor, beating and kicking him repeatedly. When the police arrived, Taylor had already died from the injuries he sustained.

On September 30th, the State charged Austin with murder. He requested a speedy trial on February 27, 1995. A few days later, the State added a charge of conspiracy to commit murder. In response to Austin's speedy trial request, the court scheduled trial for April 10, 1995. On that date, however, the court postponed Austin's trial to May 22, 1995, due to a scheduling conflict with another trial and the unavailability of another courtroom. Austin neither objected to the continuance nor filed a motion for discharge; he proceeded to trial on May 22, 1995.

**I. Violation of Criminal Rule 4**

Austin contends that the trial court violated his right to a speedy trial, citing Criminal Rule 4. His failure to present this claim in the trial court, however, means that it has

---

1. Ind.Code Ann. § 35–42–1–1(1) (West Supp. 1996).

2. Ind.Code Ann. § 35–41–5–2 (West 1986).

not been preserved for appeal. *Bell v. State,* 622 N.E.2d 450 (Ind.1993); *Sholar v. State,* 626 N.E.2d 547 (Ind.Ct.App.1993).

## II. Ineffective Assistance of Counsel

Austin contends he was denied effective assistance of counsel due to his counsel's failure to file a motion for discharge when his trial was postponed and reset outside the 70–day period established in Rule 4.

We review claims of ineffective assistance under the rule announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel is presumed to have performed in a manner adequate under the Sixth Amendment. To overcome this presumption, a claimant must demonstrate that counsel's performance fell below prevailing professional norms, *id.* at 688, 104 S.Ct. at 2064–65, and that the resulting prejudice creates significant doubt about the reliability of the outcome of the trial, *id.* at 694, 104 S.Ct. at 2068. Counsel's performance is measured as a whole, not by viewing various aspects of it in isolation. *See Hunter v. State,* 578 N.E.2d 353 (Ind.1991).

To prevail, then, Austin must establish that he had a sufficiently meritorious Rule 4 claim that most lawyers would have presented it and that he was seriously prejudiced by counsel's failure to do so.

The Sixth Amendment to the U.S. Constitution [3] guarantees the right to a speedy trial. Our Court has long regarded this right as a "fundamental principle of constitutional law," *Castle v. State,* 237 Ind. 83, 85, 143 N.E.2d 570, 572 (1957), and has promulgated Criminal Rule 4 in furtherance of the right. *See Fryback v. State,* 272 Ind. 660, 662, 400 N.E.2d 1128, 1131 (1980). This case invokes Indiana Criminal Rule 4(B)(1), which provides:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.

Crim.R. 4(B)(1).

While Rule 4(B)(1) sets deadlines by which trials must be held to ensure a defendant a speedy trial, it also grants trial courts the authority to exceed deadlines in the event of court congestion. *Bridwell v. State,* 659 N.E.2d 552 (Ind.1995). As we explained in *Clark v. State,* 659 N.E.2d 548 (Ind.1995), congestion is a legitimate basis for postponing a trial beyond the standard contained in Rule 4. *Id.* at 551. Moreover, "a trial court's finding of congestion will be presumed valid and need not be contemporaneously explained or documented by the trial court." *Id.* at 552. An appellant claiming infringement of his right to a speedy trial must demonstrate that at the time the trial court decided to postpone trial, its finding of congestion was clearly erroneous. *Bridwell,* 659 N.E.2d at 554.

When the trial court postponed Austin's trial, it issued a written order identifying the case name and cause number of the other trial it was engaged in at that time. It also noted the unavailability of another courtroom and a judge pro tem. Austin points to the fact that a temporary judge was hired on February 27th, the date the continuance order was issued. He does not demonstrate, however, that the new temporary judge would have been available to take his case

---

3. Although Austin also mentions Article 1, Section 12, of Indiana's Constitution in regards to this claim, he cites no separate authority and makes no separate argument for an independent standard under this provision. Accordingly, his Art. 1, Section 12, claim is waived. *Haviland v. State,* 677 N.E.2d 509, 513 n. 2 (Ind.1997); *St. John v. State,* 523 N.E.2d 1353, 1355 (Ind.1988).

immediately and hear it in a timely fashion, so as to avoid a postponement. Indeed, the hiring of a temporary judge might well be seen as supporting the trial court's declaration that its court calendar was congested.

The record thus supports the court's finding of congestion and suggests that trial counsel would have had little success in attempting to challenge it. That being so, Austin has not overcome the presumption that counsel was effective.

### Conclusion

We affirm the judgment of the trial court.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.