### David PANNELL, Appellant (Defendant Below),

v.

### STATE of Indiana, Appellee (Plaintiff Below).

No. 49S00–9607–CR–505.

Supreme Court of Indiana.

Oct. 23, 1997.

Belle T. Choate, Indianapolis, for Appellant.

Jeffrey A. Modisett, Attorney General, Rafal Ofierski, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

A jury found appellant David Pannell guilty of murder, Ind.Code Ann. § 35–42–1–1(1) (West Supp.1996), in the stabbing death of his wife, Leisha Pannell. The trial court sentenced him to sixty years in prison.

In this direct appeal, Pannell raises two issues:

(1) Whether the trial court erred in excluding evidence of the victim's alleged drug use; and

(2) Whether Pannell received ineffective assistance of counsel due to counsel's failure to present an ambulance run report from the night of the murder, and counsel's alleged failure to explore all potential defenses.

We see no grounds for relief. Accordingly, we affirm.

### Facts

David Pannell and his wife Leisha were separated. On February 17, 1996, he visited the home where she lived with their five children. David and Leisha spent most of the afternoon and evening in her bedroom while the children played outside and in other areas of the house.

That evening, after Leisha returned from a short trip to the store with some of the children to buy candy, she and David began to argue in the living room while the children watched television in her bedroom. Two of the children, then ages ten and nine, testified that they heard their father demand five dollars from Leisha, who refused, claiming she needed the money to feed the children. Shortly thereafter, they heard a door "slam open" and their mother scream. They ran to the front of the house and saw their father holding their mother down on the ground in front of the home and stabbing her with a large kitchen knife. One of the children ran outside and tried to stop him. Pannell pushed her away and continued stabbing Leisha. The children then dialed 911 and watched as Pannell stuck the knife in the ground, got into his car, and drove away.

Police found Pannell approximately one hour later after his car was involved in a single-vehicle crash some three to four miles

from Leisha's home. Leisha died from stab wounds to the heart and lungs.

Pannell testified at trial that he did not kill his wife. He claimed that Leisha came after him with a knife after he had walked out the door, so he disarmed her, dropped the knife on the ground beside the house, and drove away.

### Evidence of Victim's Drug Use

■ The defense sought to introduce an affidavit and testimony by the victim's daughter that she had seen drug paraphernalia in her mother's bedroom on the day of the murder, and that her mother had a history of using and abusing drugs. The trial court ruled that such evidence was irrelevant. Appellant argues that the evidence was relevant and that its exclusion impacted adversely upon his ability to present his defense.

■ We review trial court rulings admitting or excluding evidence under an abuse of discretion standard. *Barnes v. State,* 634 N.E.2d 46 (Ind.1994). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind.Evidence Rule 401.

■ Evidence of a victim's drug use is generally irrelevant except in relation to the victim's mental capacity to recall the crime and testify about it. *Williams v. State,* 681 N.E.2d 195 (Ind.1997). Even in cases where a victim's drug use may be relevant, "relevance alone does not dictate admissibility. Relevant evidence may be excluded pursuant to Indiana Evidence Rule 403 if 'its probative value is substantially outweighed by the danger of unfair prejudice....'" *Williams,* 681 N.E.2d at 199 (quoting Evid.R. 403).

Pannell claims the evidence is relevant because it sheds light on the events which occurred in the moments before Leisha's death. We disagree. Whether or not Leisha used drugs is not a fact of consequence in this case. Pannell did not raise any defense which placed Leisha's drug use at issue, and even if true, it would not make Pannell's killing of her more or less probable. Evidence of the victim's alleged drug use was thus irrelevant, and the trial court appropriately excluded it.

### Ineffective Assistance of Counsel

■ Pannell also argues that he received ineffective assistance of counsel. We review claims of ineffective assistance of counsel under the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Yerden v. State,* 682 N.E.2d 1283 (Ind.1997). "To prevail, [appellant] must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's performance the result would have been different." *Id.* (citing *Strickland,* 466 U.S. at 687–96, 104 S.Ct. at 2064–69; *Fugate v. State,* 608 N.E.2d 1370, 1372 (Ind.1993)). In other words, appellant "must establish that he had a sufficiently meritorious ... claim that most lawyers would have presented it and that he was seriously prejudiced by counsel's failure to do so." *Austin v. State,* 682 N.E.2d 1287, 1288 (Ind.1997). Appellant must overcome by "strong and convincing evidence," *Yerden,* 682 N.E.2d at 1286, the presumption that counsel "performed in a manner adequate under the Sixth Amendment," *Austin,* 682 N.E.2d at 1288. "Isolated mistakes, poor strategy, or bad tactics do not necessarily amount to ineffective assistance of counsel." *Herrera v. State,* 679 N.E.2d 1322, 1326 (Ind.1997) (citing *Wooden v. State,* 657 N.E.2d 109 (Ind.1995)).

■ Pannell asserts that his counsel was deficient because (1) counsel failed to present and preserve Defense Exhibit C, an ambulance run report which Pannell claims reflects the time he was taken to the hospital after his automobile accident the night of the murder; and (2) counsel failed to explore all potential defenses.

As to the first of these omissions, the time of Pannell's arrival at the hospital bears no discernible relation to the issues at trial. As to the second, the suggestion seems to be that, notwithstanding Pannell's insistent testimony that he did not kill his wife, counsel was ineffective for failing to do something to demonstrate that he did kill her, but while under the influence of drugs. Neither of the contentions suggests that Pannell's lawyer performed below prevailing professional

norms. Pannell was not denied effective assistance of counsel.

### Conclusion

We affirm the judgment of the trial court.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.