Asher **HILL,** Appellant–Defendant,

v.

**STATE of Indiana,** Appellee–Plaintiff.

No. 49A02–0107–CR–440.

Court of Appeals of Indiana.

Nov. 4, 2002.

Katherine A. Cornelius, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

SHARPNACK, Judge

Asher Hill petitions this court for rehearing on *Hill v. State*, 773 N.E.2d 336 (Ind.Ct.App.2002). In that opinion, we held, in part, that Hill's right to a speedy trial was not violated. *Id.* at 341–342. Hill claimed that three continuances were chargeable to the State against the seventy-day speedy trial deadline. *Id.* at 341. We addressed the first continuance and held that Hill had waived his right to a speedy trial by failing to object to the delay. *Id.* at 342. We declined to address the other two delays because the combined total of those two delays was less than

seventy days. *Id.* On rehearing, Hill argues that we erred by failing to address the other two delays because we had overlooked the fact that a total of fifty-eight days had elapsed prior to the three continuances Hill claimed were chargeable to the State. Hill is correct. We, therefore, grant rehearing for the limited purpose of addressing the other two delays that Hill contends violated his right to a speedy trial.

The facts relevant to the issue on rehearing follow. Hill filed his motion for a speedy trial on May 16, 2000. The trial court set the initial trial date for July 13, 2000, fifty-eight days after Hill's speedy trial request. However, the trial was continued several times due to court congestion. The trial court ultimately set the trial for February 12, 2001. However, the trial court continued that trial setting because the State needed more time to depose Hill's defense witnesses, resulting in a delay of twenty-eight days. The trial court offered to set the trial for either March 12, 2001 or March 19, 2001. The State chose the latter of the two trial dates, resulting in a delay of seven days. Hill, who was representing himself at this point, did not object to the delay.

The State later requested a continuance of the March 19, 2001 trial date pursuant to Ind.Code § 35–36–7–2 (1998) because one of its witnesses was hospitalized after a heart attack. The trial court granted the State's request for a continuance and reset the trial for May 14, 2001, resulting in a further delay of 56 days.

As for the first delay of twenty-eight days, we noted that Hill was represented by counsel at that time. *Id.* at 341. Hill's counsel did not object when the trial court sua sponte granted a continuance of Hill's trial so that the State could depose Hill's witnesses. *Id.* at 342. Consequently, we held that the twenty-eight day delay could not be counted against the seventy-day speedy trial deadline. *Id.* at 342.

As for the other two delays, as we have stated, we held that we need not analyze whether those delays were chargeable to the State or to Hill because Hill's claim failed regardless. *Id.* The two remaining delays were seven days and fifty-six days. *Id.* Their combined total is sixty-three days, which is seven days short of the seventy-day limit provided by Ind. Criminal Rule 4(B). *Id.* However, as Hill points out in his petition for rehearing, fifty-eight days of the seventy-day deadline had already passed between Hill's motion for a speedy trial and the initial trial setting. Therefore, we must address the second and third delays.

■■■■ Hill requested a speedy trial pursuant to Ind. Criminal Rule 4.[1] It is well established that a defendant must maintain a position reasonably consistent with his request for a speedy trial and must object, at his earliest opportunity, to a trial set-

---

1. Ind. Criminal Rule 4(B)(1) provides that:
 If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.

ting that is beyond the seventy-day time period. *McKay v. State*, 714 N.E.2d 1182, 1188–1189 (Ind.Ct.App.1999). The requirement that a defendant object to a trial date set after the seventy-day deadline and move for discharge facilitates compliance by trial courts with the speedy trial requirement. *Brown v. State*, 725 N.E.2d 823, 825 (Ind.2000). Thus, "[o]nce a trial date is set beyond" the limits set forth in Ind. Criminal Rule 4, "the defendant must file a timely objection to the trial date or waive his right to a speedy trial." *Sweeney v. State*, 704 N.E.2d 86, 102 (Ind.1998), *cert. denied*, 527 U.S. 1035, 119 S.Ct. 2393, 144 L.Ed.2d 793 (1999). Accordingly, "[t]he defendant's failure to object timely will be deemed acquiescence in the setting of that date." *Vermillion v. State*, 719 N.E.2d 1201, 1204 (Ind.1999), *reh'g denied*. Where a defendant "seeks or acquiesces in any delay which results in a later trial date, the time limitations of the rule are also extended by the length of those delays." *Wooley v. State*, 716 N.E.2d 919, 924 (Ind.1999), *reh'g denied*.

■ We first address Hill's argument regarding the seven-day delay between March 12, 2001 and March 19, 2001. The trial court offered the State its choice between the two dates, and the State chose March 19, 2001 as the trial date. However, Hill failed to object to the later trial setting.[2] Thus, Hill acquiesced to the later trial date and waived his right to raise this issue on appeal. *See, e.g., Vermillion*, 719 N.E.2d at 1202–1205 (holding that the defendant acquiesced to the rescheduling of the trial and, thus, waived the right to object to the seven-day delay).

■ We now address Hill's argument regarding the fifty-six-day delay between March 19, 2001 and May 14, 2001. The State requested a continuance of the trial date because a witness was hospitalized after suffering a heart attack. The trial court told Hill that he had the option of going to trial as scheduled if he would agree to stipulate that the witness would testify to certain facts and, further, if he would agree that the jury could be told the witness's stipulated testimony. Hill verbally requested a discharge pursuant to Ind. Criminal Rule 4 before he decided whether to stipulate to the facts and before the trial court ruled on the State's motion for a continuance. The trial court denied Hill's request. Hill later agreed to stipulate to the witness's testimony. After taking the motion for a continuance under advisement, the trial court granted the State's request for a continuance and reset the trial for May 14, 2001, resulting in a delay of 56 days. Hill did not further object to the May 14, 2001 trial date.

As we noted above, once a trial date is set outside the seventy-day deadline, a defendant must object and move for discharge. Here, although Hill requested a discharge pursuant to Ind. Criminal Rule 4, the trial court had not yet even granted the State's motion for a continuance and he was not otherwise eligible for discharge as we have held with regard to the seven-day continuance to March 19. Thus, his motion was premature. *See, e.g., Bell v. State*, 610 N.E.2d 229, 232 (Ind.1993) (holding that the defendant's motion for discharge was premature and, thus, properly denied by the trial court), *reh'g denied, superceded by rule on other grounds, Fourthman v. State*, 658 N.E.2d 88 (Ind.Ct.App.1995); *see also Bell v. State*, 622 N.E.2d 450, 454 (Ind.1993).

---

**2.** Hill was pro se at the time. Indiana law is well settled that a litigant who chooses to proceed pro se will be held to the same established rules of procedure as trained legal counsel. *Diaz v. Carpenter*, 650 N.E.2d 688, 691 (Ind.Ct.App.1995), *cert. denied*, 516 U.S. 1013, 116 S.Ct. 572, 133 L.Ed.2d 496 (1995).

After the trial court granted the State's motion for a continuance, Hill did not renew his objection or his request for discharge. Our supreme court addressed a similar situation in *Bell*, 610 N.E.2d at 232. There, the defendant made a motion for a speedy trial. *Id.* Pursuant to a request for a continuance, the trial court set a trial date substantially outside the seventy-day deadline. *Id.* Upon the defendant's objection, the trial court rescheduled the trial. *Id.* However, the new trial date was still ten days outside of the seventy-day deadline. *Id.* The defendant did not object to the rescheduled trial date. *Id.* Our supreme court held that because the defendant did not object to the rescheduled trial date, he acquiesced to it and could not raise the issue on appeal. *Id.* Similarly, here, Hill acquiesced to the new trial date setting and waived his right to a speedy trial. *See, e.g., id.*

For the foregoing reasons, we grant Hill's petition for rehearing for the limited purpose of addressing the other two delays that Hill contends violated his right to a speedy trial. However, we hold that Hill acquiesced to the two delays. Thus, we conclude that Hill's right to a speedy trial was not violated. We affirm Hill's convictions for carrying a handgun without a license as a class A misdemeanor, criminal confinement as a class B felony, and robbery as a class A felony. Hill's petition for rehearing is denied in all other respects.

The petition for rehearing is granted in part. We affirm our original opinion in all respects, except as clarified in this opinion on rehearing.

FRIEDLANDER, J., and BROOK, C.J., concur.