**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 07 2012, 8:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER SHORT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1107-CR-362 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48D03-1101-FB-10

**February 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Christopher Short brings this interlocutory appeal from the trial court's denial of his motion for discharge pursuant to Indiana Criminal Rule 4(B). Short raises a single issue for our review, namely, whether the trial court abused its discretion when it denied his motion for discharge. We hold that Short waived his appeal of this issue and, therefore, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

On January 4, 2011, the State charged Short with burglary, as a Class B felony, and arson, as a Class B felony. At his initial hearing that same day, Short requested a speedy trial pursuant to Indiana Criminal Rule 4(B). The court acknowledged Short's motion, but, on January 7, the court scheduled Short's trial for May 17, 2011, beyond the seventy-day requirement of Criminal Rule 4(B).

At no time did Short object to the court scheduling his trial beyond the seventy-day requirement. Instead, on January 26 Short, who was represented by counsel, tendered to the court a second, pro se motion for speedy trial. The court refused the document for failure of service and forwarded it to Short's counsel. Over the course of the next several months, Short filed various pro se motions to either terminate his representation or to withdraw his requests for such termination. Eventually, the court removed Short's counsel and appointed new counsel. The court then rescheduled Short's trial for October 25, 2011, due to court congestion.

On June 1, the court held a hearing regarding the status of Short's counsel, and at that hearing Short orally moved to be discharged under Criminal Rule 4(B). The trial

2

court denied Short's motion and certified its order for interlocutory appeal, which we accepted.

## DISCUSSION AND DECISION

Short contends that his speedy trial rights have been violated. The Sixth Amendment to the United States Constitution and Article I, Section 12 of the Indiana Constitution both protect the right to a speedy trial. The right to a speedy trial is a "fundamental principal of constitutional law" that has long been zealously guarded. Castle v. State, 237 Ind. 83, 143 N.E.2d 570, 572 (1957). This court is mindful that, in order for the meaning of the rule not to be eviscerated, it is essential that courts honor requests made for speedy trials by scheduling trial dates within the time prescribed by the rule. McKay v. State, 714 N.E.2d 1182, 188 (Ind. Ct. App. 1999). And Indiana Criminal Rule 4(B) provides that a criminal defendant held in jail must be tried within seventy calendar days if he moves for speedy trial.

However, "[i]t is well established that a defendant . . . must object, at his earliest opportunity, to a trial setting that is beyond the seventy-day time period" of Indiana Criminal Rule 4(B). Hill v. State, 777 N.E.2d 795, 797-98 (Ind. Ct. App. 2002). If an objection is not timely made, the defendant is deemed to have acquiesced to the later trial date. Hampton v. State, 754 N.E.2d 1037, 1039 (Ind. Ct. App. 2001), trans. denied. The defendant's obligation to call to the trial court's attention a trial date that had been set outside the time frame allowed by Criminal Rule 4(B) is recognized because the purpose of the rule is to assure early trials, not discharge defendants. Id.

3

Here, Short made his initial speedy trial request on January 4, 2011. Three days later, the court scheduled Short's trial for May 17, 2011, outside the seventy-day window required by Criminal Rule 4(B). But Short never objected to that trial date. Short does not contend on appeal that he was unaware of the trial setting. Instead, Short asserts only that his January 26 motion, in which Short reiterated his request for a speedy trial but, again, did not object to the court's established trial date, demonstrated that he did not acquiesce in the trial date.

We are not persuaded by Short's argument. Rather than object at the earliest opportunity, Short waited almost three weeks and simply filed another request. That second request did not state that Short objected to the trial date, and Short's argument to the contrary on appeal is a misplaced attempt to circumvent the waiver rule.

In sum, we hold that Short did not timely object to the court's initial date for his jury trial and, as such, he waived his rights under Criminal Rule 4(B). Thus, we affirm the trial court's judgment.

Affirmed.

ROBB, C.J., and VAIDIK, J., concur.

4