**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
McGrath, LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TRENI M. GORMAN, JR. A/K/A TREMI M. GORMAN, JR. | ) | |
| | ) | |
| Appellant/Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1310-CR-863 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee/Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable J. Richard Campbell, Judge
Cause No. 29D04-1303-CM-2227

**December 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Following the denial of his motion for discharge based on an alleged speedy-trial violation, a jury convicted Treni M. Gorman of Class A misdemeanor possession of marijuana. Gorman appealed arguing that the trial court erred in denying his request for discharge under Indiana Rule of Criminal Procedure 4(B). Finding that Gorman failed to object to a trial date set outside of the seventy-day limit imposed by Criminal Rule 4(B), we find no error. We therefore affirm the trial court.

**Facts and Procedural History**

On March 25, 2013, the State charged twenty-one-year-old Gorman with Class A misdemeanor possession of marijuana. Appellant's App. p. 7. Gorman's initial hearing was held on June 4. *Id.* at 3. At the initial hearing, Gorman, who was not represented by counsel, was advised of his rights; Gorman orally requested a speedy jury trial.[1] Tr. p. 4-5. The court instructed Gorman that his case was currently set for a bench trial and that if he wanted a jury trial he would have to file his request in writing. *Id.* at 5. Gorman's trial date was then set for August 15, and the court advised Gorman that

> if you do file a fast and speedy trial [request], you are entitled to be brought to trial within seventy days of your request for a fast and speedy trial. The bench trial date that I have given you is I think seventy-one or seventy-two days out from today, so that date may need to be changed and if it does need to be changed you'll be notified of the new court date.

*Id.* at 4-5.

---

[1] The court reporter's certificate states that due to auditory problems, Gorman's responses were not recorded. However, the trial court's responses to Gorman's inaudible statements indicate that he orally requested a speedy jury trial at the June 4, 2013 initial hearing.

Indiana Rule of Criminal Procedure 4(B) requires that a defendant who moves for a speedy trial "shall be discharged if not brought to trial within seventy calendar days from the date of such motion." The Chronological Case Summary (CCS) as well as the order from the June 4, 2013 initial hearing each state, "Deft requests a fast and speedy trial" and "Defendant requests a fast and speedy trial." Appellant's App. p. 3, 20. On June 20, the court made a CCS entry that stated, "Defendant having requested a Speedy Trial on 6-4-13. Pre-Trial is set on the 1 day of July 2013 . . . and Bench Trial is reset on the 1 day of August 2013. Previous dates are vacated." *Id.* at 22. Seventy days from the June 4 initial hearing was August 13. The new trial date was confirmed by Gorman, who was now represented by counsel, during a pre-trial conference held on July 1. *Id.* at 23 (Pre-trial Conference Order). On July 8, Gorman entered a personal appearance "pro se and without the assistance of counsel" and also filed a pro se motion requesting both a speedy and jury trial.[2] *Id.* at 25-26. The judge made a handwritten notation on Gorman's pro se motion that stated "already granted," and the CCS reflects an administrative event the next day with the notation, "Defendant's Motion for Fast and Speedy Jury Trial already granted." *Id.* at 3, 26.

On July 24, 2013, the State moved to continue the August 1 bench trial because a police officer was unavailable on that date. *Id.* at 28. The State's motion reflected Gorman's objection to the continuance. *Id.* ("Defense counsel has been notified and does object for the record."). The trial court granted the State's motion and reset the bench trial

---

[2] Gorman filed many pro se motions; these were all filed while Gorman was incarcerated at the Plainfield Correctional Facility.

from August 1 to August 19.[3] *Id.* at 29. The parties convened for a "Guilty Plea Hearing" on August 1; however, the hearing was set by mistake. Tr. p. 4. The court confirmed that "the case remain[ed] set for trial August 19, 2013"; Gorman's attorney confirmed this date and said that he had nothing else for the record. *Id.* at 10-11.

On August 15, 2013, more than seventy days after his initial request for a speedy trial, Gorman filed a pro se motion for discharge under Criminal Rule 4(B) claiming that he had filed a speedy-trial demand on June 4 and more than seventy days had passed without Gorman having been brought to trial. Appellant's App. p. 30-31. On August 19, the parties convened for the bench trial. Tr. p. 16. The court heard arguments from Gorman and the State concerning the Criminal Rule 4(B) discharge issue. *Id.* at 17-23. Gorman argued that his oral request for a speedy trial at the June 4 initial hearing combined with the court's numerous acknowledgements of his request started the seventy-day clock for purposes of Criminal Rule 4(B). *Id.* at 18. The State insisted that Gorman's July 8 motion restarted the seventy-day clock. *Id.* at 21-22. Gorman also argued that he had made timely demands for a jury trial during the June 4 initial hearing and in his July 8 motion. *Id.* at 17. The trial court held that Gorman's written request for a jury trial was timely and therefore set a jury trial for September 5. *Id.* at 26. The court took the motion-for-discharge issue under advisement. *Id.* at 22-23.

On August 20, 2013, the State filed a memorandum in opposition to Gorman's Criminal Rule 4(B) motion for discharge. Appellant's App. p. 34-35. In its memo, the

---

[3] Despite Gorman's July 8 written motion for a jury trial, the trial remained set for a bench trial on August 19. It was not until the parties convened for trial on August 19 that they were made aware of the mistake, and the court set a new date for Gorman's jury trial.

4

State recanted its argument that Gorman's July 8 motion restarted the seventy-day clock and instead asserted that a motion for a speedy trial must be in writing; therefore, Gorman's June 4 oral request was insufficient to trigger Criminal Rule 4(B). *Id.*; Appellee's Br. p. 5. Accordingly, because the July 8 motion had "begun the only applicable time period under the rule," Gorman's jury trial on September 5, 2013, was within the seventy-day time period and Criminal Rule 4(B) was not violated. Appellant's App. p. 34-35; Appellee's Br. p. 5.

The trial court denied Gorman's motion for discharge and held that speedy-trial requests must be in writing and formally filed in order to trigger the seventy-day time period. Appellant's App. p. 36. Gorman therefore did not officially request a speedy trial until he filed his written request on July 8, 2013. *Id.* The court further found that

> [e]ven if [Gorman's] oral motion for speedy trial was valid, [Gorman], *pro se*, filed a written request for a fast and speedy trial on July 8, 2013 making no reference to the oral request he made on June 4, 2013. . . . In that motion, [Gorman] did not request an early trial within 70 days from his June 4 . . . initial hearing; he only requested a trial to be held within 70 days. His request can only be interpreted as a new request for a trial within 70 days from the date of his written request. [Gorman], by his own *pro se* actions, restarted the 70-day time period by making a new demand for a trial within "70 days" of his written request.

*Id.* at 37. The court concluded that Gorman's current trial date of September 5 was within seventy days of his written request for a speedy trial and denied his request for discharge. *Id.*

A jury found Gorman guilty of Class A misdemeanor possession of marijuana on September 5, 2013. *Id.* at 59. The trial court sentenced Gorman to one year in the Hamilton County Jail, to be served consecutive to a sentence in a different case. *Id.*

5

Gorman now appeals.

## Discussion and Decision

Gorman appeals arguing that the trial court erred in denying his request for discharge under Criminal Rule 4(B). When reviewing Criminal Rule 4(B) claims, we review questions of law de novo. *Black v. State*, 7 N.E.3d 333 (Ind. Ct. App. 2014) (citing *Austin v. State*, 997 N.E.2d 1027, 1039 (Ind. 2013)). Factual findings are reviewed under the clearly erroneous standard. *Id.* If a trial court makes findings in response to a motion for discharge, its findings are reviewed under the clearly erroneous standard. *Smith v. State*, 943 N.E.2d 421, 425 (Ind. Ct. App. 2011).

Although the State contends that Gorman did not request a speedy trial at the initial hearing, because "the transcript of Gorman's initial hearing . . . does not bear out the assumption that Gorman requested a speedy trial on June 4, 2013," for the purposes of our decision, we assume that Gorman did in fact make an oral request. Appellee's Br. p. 8; *see also* Appellant's App. p. 3, 20, 22, 26. The seventy-day time period therefore began at the June 4 initial hearing and ran until August 13, 2013. However, this case is resolved on the single issue of Gorman's failure to object when the trial court reset the trial for August 19, which was outside of the seventy-day time period required by Criminal Rule 4(B).[4]

The State argues that "[e]ven if Gorman had made an oral demand for a speedy trial at his June 4, 2013 initial hearing, he caused, and acquiesced in, the delay of his trial date." Appellee's Br. p. 12. We agree. "A defendant must maintain a position reasonably consistent with his request for a speedy trial and must object, at his earliest opportunity, to

---

[4] Because of how we resolve this issue, we need not reach the issue of whether a request for a speedy trial must be in writing.

a trial setting that is beyond the seventy-day time period." *Wilkins v. State*, 901 N.E.2d 535, 537 (Ind. Ct. App. 2009) (citing *McKay v. State*, 714 N.E.2d 1182, 1888-89 (Ind. Ct. App. 1999)). If a timely objection is not made, the defendant has abandoned his request for an early trial. *Id.* "The defendant's obligation to object to a trial date that falls outside the Criminal Rule 4(B) time frame reflects the purpose of the rule—to ensure early trials, not to allow defendants to manipulate the means designed for their protection and permit them to escape trials." *Id.* (quotations omitted); *see also Fletcher v. State*, 959 N.E.2d 922, 925 (Ind. Ct. App. 2012) ("[I]t is incumbent upon the defendant to object at the earliest opportunity when his trial date is scheduled beyond the time limits prescribed."); *Hill v. State*, 777 N.E.2d 795, 797-98 (Ind. Ct. App. 2002) ("[T]he defendant must file a timely objection to the trial date or waive his right to a speedy trial."), *reh'g granted on other grounds*.

When the State moved for a continuance on July 24, 2013, Gorman did generally object. However, grounds for objections must be specific, and any grounds not raised in the trial court are not available on appeal. *Grace v. State*, 731 N.E.2d 442, 444 (Ind. 2000). While Gorman's general objection was noted on the State's motion, the record does not indicate that Gorman objected with sufficient specificity to alert the trial court of a possible Criminal Rule 4(B) issue. Further, Gorman confirmed the August 19 trial date during the August 1 guilty-plea hearing, stating he had nothing else for the record. Gorman therefore had two opportunities—July 24, 2013, and August 1, 2013—to specifically object and argue that his speedy-trial request prevented the court from moving the trial date past August 13, 2013. Our trial courts, especially those in metropolitan areas, are extremely

7

busy handling hundreds of misdemeanor cases at a time; it is therefore essential that objections be specific and place the court on notice of important issues. Because Gorman did not do this, he waived his right to a speedy trial within seventy days of his June 4, 2013 speedy-trial request.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.