## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 20 2019, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
Navarre, Florida

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rodolfo Lopez, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 20, 2019

Court of Appeals Case No.
19A-CR-98

Appeal from the LaPorte Circuit Court

The Honorable Thomas J. Alevizos, Judge

Trial Court Cause No.
46C01-1802-F6-149

**Baker, Judge.**

[1] On February 15, 2018, the State charged Rodolfo Lopez, Jr., in LaPorte County with four Level 6 felonies, later amending the charging information by changing the felonies to Level 5 offenses. On May 24, 2018, Lopez, who was being held in the St. Joseph County Jail on other charges, filed a request to proceed pro se and a motion for a speedy trial in LaPorte County. A warrant for Lopez's arrest for the LaPorte County charges was served on July 3, 2018.

[2] At Lopez's initial hearing in LaPorte County on July 6, 2018, he waived his right to counsel and requested a bench trial, which the trial court scheduled for August 16, 2018. Lopez did not object to the date, nor did he move for discharge at any point prior to trial. Following the August 16, 2018, bench trial, the trial court found Lopez guilty as charged, later sentencing him to concurrent sentences of three years each on all counts. Lopez now appeals.

[3] Criminal Rule 4(B) provides that "[i]f any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion . . . ." A defendant must maintain a position reasonably consistent with his request for a speedy trial; therefore, he must object at the earliest opportunity to a trial setting that is beyond the seventy-day time period. *Hill v. State*, 777 N.E.2d 795, 797-98 (Ind. Ct. App. 2002). If an objection is not timely made, the defendant is deemed to have acquiesced to the trial date. *Hampton v. State*, 754 N.E.2d 1037, 1039 (Ind. Ct. App. 2001). Furthermore, a defendant waives review of this issue on appeal if he does not move for discharge or dismissal prior to trial. *Id.* at 1040.

In this case, Lopez did not object to the trial date, which he claims exceeded the seventy-day time limit set forth in Criminal Rule 4(B). Therefore, he acquiesced to the trial date. Moreover, he did not move for discharge or dismissal prior to trial, meaning that he has waived the issue for appeal. Lopez argues that we should afford him leniency because he was pro se, but it is well established that pro se litigants are held to the same standard as attorneys and are required to follow procedural rules. *E.g.*, *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004). Therefore, he is not entitled to relief on this basis.

The judgment of the trial court is affirmed.

Kirsch, J., and Crone, J., concur.