Eugene **BOWERS**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–9905–CR–219.

Court of Appeals of Indiana.

Oct. 12, 1999.

Janice L. Stevens, Marion County Public Defender, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Sarah E. Scherrer, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

DARDEN, Judge

*STATEMENT OF THE CASE*

Eugene Bowers appeals the denial of his motions for discharge pursuant to Ind. Crim. Rule 4(B).

We affirm.

*FACTS*

On September 23, 1998, the State charged Bowers with robbery and criminal confinement, both class B felonies. The trial court held an initial hearing on September 24, 1998, wherein Bowers requested a speedy trial pursuant to Crim. R. 4(B). The trial court granted his request. At an October 20, 1998, pre-trial hearing, the court scheduled Bowers' trial for November 16, 1998. On November 13, 1998, the court, on its own motion, continued Bowers' trial due to court congestion. The court reset the trial for December 28, 1998.

On December 23, 1998, the court, on its own motion, continued Bowers' trial due to court congestion. Specifically, the court explained that there was court congestion as the result of Joseph Williams' jury trial. The court reset Bowers' trial for February 8, 1999. On December 29, 1998, Bowers filed a motion for discharge pursuant to Crim. R. 4(B) wherein he challenged the trial court's finding of congestion and argued that his trial, not Williams', should have been the first choice setting on December 28, 1998. The trial court denied his motion.

On February 8, 1999, Bowers' scheduled trial date, the State dismissed the charges against Bowers because a witness failed to appear. Bowers, who had been incarcerated since September 23, 1998, was released from custody. The State re-filed the charges against Bowers on February 23, 1999, and he was taken into custody and re-incarcerated on April 6, 1999. At an April 7, 1999, initial hearing, Bowers made an oral motion for discharge pursuant to Crim. R. 4(B). The trial court denied the motion and scheduled Bowers' trial for April 26, 1999. On April 13, 1999, Bowers filed a petition with the trial court to take an interlocutory appeal of the trial court's denial of his motion for discharge.

*DECISION*

Bowers now contends that the trial court erred in denying both 1) his December 29,

1998, motion for discharge; and 2) his April 7, 1999, motion for discharge. We disagree.

The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. *Clark v. State*, 659 N.E.2d 548, 551 (Ind.1995). The provisions of Ind.Crim. Rule 4 implement the defendant's speedy trial right. *Id.* Specifically, Crim. R. 4(B) provides in pertinent part as follows:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of *congestion* of the court calendar.

(Emphasis added).

■ While the rule expressly requires that a defendant be discharged if not brought to trial within certain prescribed time limits, the rule and subsequent interpretations have recognized that court congestion and other exigent circumstances may justify a reasonable delay beyond the seventy-day period. *Clark* at 551. In order to assure that the rule functions as intended with respect to the right to a speedy trial, a defendant must be granted a reasonable opportunity to demonstrate violations of the rule and to obtain the relief provided therein. *Id.*

■ Here, Bowers first challenges the trial court's denial of his December 29, 1998, motion for discharge wherein he challenged the court's finding of congestion and argued that his trial, not Williams', should have been the first choice setting on December 28, 1998.

■ A defendant may challenge a trial court's finding of congestion by demonstrating that, at the time that the trial court made its decision to postpone the trial, the finding of congestion was factually or legally inaccurate. *Clark* at 552. When we review the case, the trial court's explanation will be presumed valid and accorded reasonable deference. *Id.* The defendant must establish his entitlement to relief by showing that the trial court's decision was clearly erroneous. *Id.*

Our review of the record in this case reveals the following relevant dates as to Bowers and Williams:

July 9, 1998   Williams arrested.

September 23, 1998   Bowers arrested.

September 24, 1998   Bowers requests a speedy trial.

October 20, 1998   Bowers' trial set for November 16, 1998.

October 22, 1998   Williams requests a speedy trial.

October 28, 1998   Williams' trial set for December 28, 1998.

November 13, 1998   Trial court, on its own motion, continues Bowers' trial until December 28, 1998, due to court congestion.

December 23, 1998   Trial court holds Williams' pre-trial hearing wherein Williams indicates that he is ready for trial as scheduled on December 28. Trial court, on its own motion, continues Bowers' trial due to court congestion as the result of Williams' trial.

Bowers argues that because he filed his request for a speedy trial before Williams filed his request, Bowers' trial should have been the first choice setting on December 28, 1998. Therefore, according to Bowers the trial court's finding of congestion as the result of Williams' trial was inaccurate, and its decision to postpone Bowers' trial was clearly erroneous. We disagree.

On October 28, 1998, when the trial court scheduled Williams' jury trial for December 28, 1998, the court had no way of knowing that Bowers' jury trial date would be taken off of the calendar on November 13 and reset for December 28

as well. Bowers has failed to direct us to any authority—nor or we aware of any— that would require a trial court to assess and determine each defendant's arrest and speedy trial request dates and adjust its calendar to make sure that when a defendant's speedy trial is continued, that defendant has priority over another speedy trial defendant whose trial had previously been scheduled on that date. We hesitate to impose such a burden upon the trial court.

■ Assessing the cause of delay involves a factual determination appropriately to be made by the trial court. *McKay v. State,* 714 N.E.2d 1182, 1188 (Ind.Ct. App.1999). The reasonableness of any delay must be judged in the context of the particular circumstances of the case, and absent an abuse of discretion, the trial court's decision will not be disturbed. *Id.*

Here, 1) Williams was charged before Bowers; 2) pursuant to Williams' speedy trial request, his December 28th trial date was scheduled more than two weeks before Bowers' trial was re-scheduled to December 28th; and 3) at his December 23rd pre-trial hearing, Williams indicated that he was ready for trial as scheduled on December 28th. In light of these circumstances, Bowers' evidence that his speedy trial motion was filed before Williams' motion is alone insufficient to establish that the trial court's finding of congestion was inaccurate and that its decision to postpone Bowers' trial was clearly erroneous. *See McKay.*

■ Bowers also challenges the trial court's denial of his April 7, 1999, motion for discharge. Specifically, Bowers contends that the 70–day period that the State had to bring him to trial had elapsed at the time of his April 7, 1999, initial hearing. We disagree.

Bowers, who was incarcerated, requested a speedy trial on September 24, 1998. Pursuant to Crim. R. 4(B), the State had to bring him to trial by December 3, 1998. The delay caused by the first postponement due to court congestion extended the 70–day period until January 14, 1999. The delay caused by the second postponement due to court congestion extended the 70–day period until February 25, 1999.

The State dismissed the charges against Bowers on February 8, 1999, and Bowers was released from custody with 17 days remaining on the 70–day period. Although the State re-filed the charges against him on February 23, 1999, Bowers was not taken back into custody and re-incarcerated until April 6, 1999. (R. 39). "Criminal Rule 4(B)(1) by its own terms applies only when 'any defendant be held in jail.'" *Goudy v. State,* 689 N.E.2d 686, 691 (Ind. 1997), *reh'g denied.* Thus, the speedy trial clock did not begin to run again until Bowers was taken into custody and re-incarcerated. At that time, the State had the remaining 17 days of the 70 days to bring him to trial. Therefore, when Bowers made his oral motion for discharge on April 7, 1999, the 70–day period that the State had to bring him to trial had not yet elapsed. We find no error here.

Affirmed.

KIRSCH, J., and BROOK, J., concur.