**Daniel E. WILKINS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A03–0804–CR–190.**

Court of Appeals of Indiana.

Feb. 18, 2009.

Transfer Denied April 9, 2009.

---

Mark A. Thoma, Fort Wayne, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Matthew Whitmire, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Daniel E. Wilkins was convicted of robbery,[1] criminal confinement,[2] and unlawful possession of a firearm by a serious violent felon,[3] all class B felonies. On appeal, Wilkins raises the following issue: whether the trial court violated his right to a speedy trial when it delayed his jury trial on a finding of court congestion.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 6, 2007, the State charged Wilkins with robbery and criminal confinement. The State amended the charges on August 6, 2007 by adding a count of possession of a firearm by a serious violent felon. On September 5, 2007, Wilkins filed *pro se* a motion for an early trial pursuant to Indiana Criminal Rule 4(B). The trial court granted his request and scheduled a trial date for November 7, 2007.

On October 2, 2007, with the consent of all the parties, the case was transferred to another trial judge. At a pretrial conference on October 11, 2007, the November 7 trial date was reconfirmed after defense counsel, the State, and the trial judge discussed a scheduling conflict with another trial, that of Leon Kyles, which was set for the same date before a different judge in the same court. The same defense counsel and prosecutor were scheduled to appear in both cases. It was agreed that Wilkins's case would take priority because it was older. However, no one expressed an awareness of the fact that Kyles had requested an early trial on September 4, 2007, one day before Wilkins.

On November 7, 2007, Wilkins appeared for trial. At that time, the court continued Wilkins's trial due to court congestion as a result of Kyles's trial. Specifically, the court found that Kyles's trial took priority because he had lodged his request for an

---

1. *See* Ind.Code § 35-42-5-1.

2. *See* Ind.Code § 35-42-3-3.

3. *See* Ind.Code § 35-47-4-5.

early trial before Wilkins. Without objection by the defendant, the court reset Wilkins's trial for February 12, 2008.

Subsequent to the November 7 court appearance, the trial court appointed new defense counsel for Wilkins. On February 1, 2008, Wilkins's new counsel filed a motion to dismiss and discharge pursuant to Indiana Criminal Rule 4(B). The trial court denied the defendant's motion on February 7, 2008. On February 12, 2008, the court declared a mistrial and reset the trial for February 20, 2008. A jury trial was held on February 20–21, and Wilkins was found guilty as charged. Wilkins now appeals.

## DISCUSSION AND DECISION

■ The Sixth Amendment to the United States Constitution and Article 1, section 12 of the Indiana Constitution guarantee the right to a speedy trial. *Clark v. State,* 659 N.E.2d 548, 551 (Ind.1995). The provisions of Indiana Criminal Rule 4 implement these protections. *Id.* Criminal Rule 4 provides, in pertinent part:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except ... where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

Ind.Crim. Rule 4(B)(1).

■ Wilkins has waived this claim. "[A] defendant must maintain a position reasonably consistent with his request for a speedy trial and must object, at his earliest opportunity, to a trial setting that is beyond the seventy-day time period." *McKay v. State,* 714 N.E.2d 1182, 1188–89 (Ind.Ct.App.1999). If an objection is not timely made, the defendant has abandoned his request for an early trial. *Townsend*

*v. State,* 673 N.E.2d 503, 506 (Ind.Ct.App. 1996). The defendant's obligation to object to a trial date that falls outside the Criminal Rule 4(B) time frame reflects the purpose of the rule—"to ensure early trials, not to allow defendants to manipulate the means designed for their protection and permit them to escape trials." *McKay,* 714 N.E.2d at 1190.

In the present case, Wilkins did not object when the trial court reset his trial for February 12, 2008, a date outside the Criminal Rule 4(B) seventy day time period. In fact, the prosecutor and defense attorney both chose the date to avoid future conflicts. Therefore, we conclude that Wilkins acquiesced to the trial setting outside of the seventy-day requirements and thereby abandoned his request for an early trial.

■ Waiver notwithstanding, Wilkins's appeal fails because he has not demonstrated that the trial court erred in delaying his trial due to court congestion. A trial court's finding of congestion is presumed valid. *Clark,* 659 N.E.2d at 552. A defendant challenging that finding must demonstrate that, at the time it was made, the finding was factually or legally inaccurate. *Id.* The trial court's explanations are accorded reasonable deference, and this court will not grant relief unless a defendant establishes that the finding of congestion was clearly erroneous. *Id.* The reasonableness of the trial court's finding of congestion is judged within the context of the particular circumstances of the case. *McKay v. State,* 714 N.E.2d 1182, 1188 (Ind.Ct.App.1999). A number of circumstances, including the unavailability of counsel, may result in congestion of the court calendar. *Loyd v. State,* 272 Ind. 404, 398 N.E.2d 1260, 1265 (1980), *cert. denied.*

In the present case, the trial court explained that Wilkins's trial could not proceed on November 7, 2007, because counsel was unavailable due to Kyles's trial. Wilkins contends that his trial should have taken precedence over that of Kyles because Wilkins's case was older. However, Criminal Rule 4(B) provides that defendants are to be brought to trial within seventy days of filing a motion for an early trial. Crim. R. 4(B)(1).

Our Supreme Court has held that Criminal Rule 4(B) requires a "particularized priority treatment" by which a speedy trial defendant "is assigned a meaningful trial date within the time prescribed by the rule, if necessary superseding trial dates previously designated for civil cases and even criminal cases in which Criminal Rule 4 deadlines are not imminent." *Clark*, 659 N.E.2d at 551. The Court declined to establish an absolute priority hierarchy, noting that "there may be major, complex trials that have long been scheduled or that pose significant extenuating circumstances" that will justify a finding of court congestion or exigent circumstances. *Id.*

Relying on *Bowers v. State*, 717 N.E.2d 242, 245 (Ind.Ct.App.1999), Wilkins contends that Kyles's earlier request for a speedy trial was insufficient to confer priority status.[4] Wilkins's reliance on *Bowers* is misplaced. In *Bowers*, the defendant's request for an early trial predated that of another defendant. Bowers' trial was originally scheduled for a date before the scheduled trial date of the other defendant. Bowers' trial was then continued by the trial court from its original setting due to court congestion and re-set for the same date as that on which the other speedy trial defendant's trial was set. The trial court again continued Bowers' trial due to court congestion. This court found these circumstances insufficient to establish that the trial court's finding of congestion was inaccurate or that its decision to postpone the defendant's trial was clearly erroneous. *Id.* at 245. We specifically declined to impose any requirement that a trial court "assess and determine its calendar to make sure that when a speedy trial defendant's speedy trial is continued, that defendant has priority over another speedy trial whose trial had been previously scheduled on that date." *Id.*

Finally, Wilkins contends that his trial should have been given priority over the trial of Kyles's because of the expectations of the parties at the October 11, 2007, pretrial conference that Wilkins's trial would go forward instead of Kyles's. Wilkins argues that he relied on the statements made at the pretrial conference to his detriment because, had he known that his trial was not going to take place on November 7, 2007, he would have requested another trial date within the seventy-day period. However, defense counsel and the prosecutor chose to reschedule the trial date for February 12, 2008, because that was the first date they were both available.

Affirmed.

BAKER, C.J., and NAJAM, J., concur.

---

4. Wilkins also argues that his trial should have taken priority because his and Kyles's requests were filed "virtually at the same time" and because Wilkins made his request in writing, while Kyles's motion was "a mere verbal request." *Appellant's Br.* at 21. These arguments are unconvincing. First, the motions were not filed at the same time; Kyles moved for an early trial on September 4, 2007, and Wilkins did so a day later, on September 5, 2007. Second, Criminal Rule 4(B) contains no requirement that an early trial motion be made in writing. *See McGowan v. State*, 599 N.E.2d 589, 591 (Ind.1992). Wilkins's request for a speedy trial was not entitled to priority because it was in writing.