## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 26 2018, 6:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Timothy Spears,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 26, 2018

Court of Appeals Case No.
40A04-1708-CR-2022

Appeal from the Jennings Superior Court

The Honorable Alison T. Frazier, Senior Judge

Trial Court Cause No.
40D01-0012-CM-1278

**Barnes, Senior Judge.**

# Case Summary

James Spears appeals his convictions for Class B misdemeanor battery and Class B misdemeanor disorderly conduct. We affirm.

# Issues

Spears raises two issues, which we restate as:

I.      whether the trial court properly denied Spears's motion to dismiss on constitutional speedy trial grounds; and

II.     whether the evidence is sufficient to sustain his convictions.

# Facts

On October 31, 2000, Spears got into an argument with his wife, Kimberly. The argument escalated into a "shoving match," and Spears grabbed Kimberly's neck, dragged her to the door, and kicked her out. Tr. Vol. II p. 139. She had red marks on her neck and shoulder and scraped her arm on the door during the incident. On December 5, 2000, the State charged Spears with Class B misdemeanor battery and Class B misdemeanor disorderly conduct. On January 23, 2001, and July 25, 2001, the trial court issued arrest warrants for Spears's failure to appear.

On October 20, 2016, the trial court issued an order for Spears to appear on November 17, 2016, and he again failed to appear. The trial court issued another arrest warrant, and he was arrested in Kentucky. Spears filed a motion to dismiss the charges, arguing that the almost sixteen-year delay violated his

speedy trial rights. At a hearing on the motion, Spears clarified that his argument was based on the Sixth Amendment to the United States Constitution and Article One Section Twelve of the Indiana Constitution, not Indiana Criminal Rule 4. Spears testified that he had moved to Kentucky shortly after the charges were filed in 2000, that he thought Kimberly had taken care of the charges, and that before he moved he had given the court an updated address on Sales Lane, Cave City, Kentucky. He claimed that he was prejudiced by the delay because he had lost a business opportunity. The State asked the trial court to take judicial notice that the record did not indicate that Spears had updated the court with an address change. The trial court concluded that the length of the delay was presumptively prejudicial and that the delay was attributable to Spears because he left the jurisdiction. The trial court denied Spears's motion.

[5] At the jury trial, Sergeant Andrew Richmond with the North Vernon Police Department testified that Spears informed him that he got mad at Kimberly and grabbed her on her shoulder and neck. Sergeant Richmond saw redness on Kimberly's neck and shoulder and abrasions on her right forearm. However, photographs of the injuries were no longer available. The jury found Spears guilty as charged, and the trial court sentenced him to ninety days in jail. Spears now appeals.

# Analysis

## *I. Speedy Trial*

[6] "The Sixth Amendment to the United States Constitution and Article 1, Section 12 of the Indiana Constitution guarantee the right to a speedy trial." *Wilkins v. State*, 901 N.E.2d 535, 537 (Ind. Ct. App. 2009), *trans. denied*. The standard of review for a speedy trial issue, which is a pure question of law, is de novo. *Johnson v. State*, 83 N.E.3d 81, 84 (Ind. Ct. App. 2017).

[7] Spears claims that the almost sixteen-year delay between his arrest and trial violated his right to a speedy trial under the United States and Indiana Constitutions. The analysis of a claim involving a speedy trial right is the same under both the state and federal constitutions. *Sweeney v. State*, 704 N.E.2d 86, 102 (Ind. 1998), *cert. denied*. The inquiry into whether there was a speedy trial violation involves "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2191-92 (1972). The *Barker* analysis considers four factors: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of the right to a speedy trial; and 4) prejudice to the defendant. *Id.*

[8] "The length of the delay acts as a triggering mechanism; a delay of more than a year post-accusation is 'presumptively prejudicial" and triggers the *Barker* analysis." *Johnson*, 83 N.E.3d at 85 (quoting *Vermillion v. State*, 719 N.E.2d 1201, 1206 (Ind. 1999)). "If the length of the delay meets this threshold, 'the court must then consider, as one factor among several, the extent to which the

delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.'" *Id.* (quoting *Doggett v. United States*, 505 U.S. 647, 652, 112 S. Ct. 2686, 2691 (1992)). Here, the length of the delay—almost sixteen years—is excessive and clearly qualifies as presumptively prejudicial. This factor weighs in favor of Spears.

[9] We next consider the reason for the delay. "When considering the reason for delays, we look at 'whether the government or the criminal defendant is more to blame for that delay.'" *Id.* (quoting *Doggett*, 505 U.S. at 651, 112 S. Ct. at 2690). Spears blames the delay on the State, arguing that he gave his new address to the trial court before he moved to Kentucky and that his new address was publicly discoverable. At the hearing on the motion to dismiss, Spears testified that he thought Kimberly had taken care of the charges, that he moved to Kentucky, and that he gave the trial court his new address. In support of his argument, he submitted a list of addresses found online. However, he claimed to have given the trial court an address on Sales Lane in Cave City, Kentucky, but that address was not listed on the document. Further, he claimed that his last address was in Park City, Kentucky, and that address was not listed on the document either. There is no evidence that Spears's new address was discoverable as a public record. Moreover, the trial court records do not reflect that Spears provided a new address. The trial court found that the delay was attributable to Spears because he left the jurisdiction and because "we . . . don't want to make a precedent of rewarding . . . people who abscond . . . ." Tr. Vol. II p. 31. Although the record does not reflect any efforts on the part of the State

to locate Spears, the record does demonstrate that Spears absconded to Kentucky shortly after the charges were filed in 2000. We cannot conclude that the State's delay in looking for Spears excuses his conduct in absconding. This factor weighs against Spears.

[10] Next, we consider Spears's assertion of the right to a speedy trial. "In order to claim a constitutional violation of the right to a speedy trial, defendant must assert such right." *Lee v. State*, 684 N.E.2d 1143, 1146 (Ind. 1997). Spears did not assert his right to a speedy trial until his motion to dismiss in 2017. Spears delayed this case himself by absconding to Kentucky. His actions "show that he did not desire a speedy trial." *Johnson*, 83 N.E.3d at 87. This factor weighs against Spears.

[11] Finally, we consider prejudice to Spears as a result of the delay.

> "The final factor in the *Barker* test, prejudice, is assessed in light of the three interests which the right to a speedy trial was designed to protect: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Sweeney*, 704 N.E.2d at 103 (citing *Barker*, 407 U.S. at 532, 92 S. Ct. 2182). The most important of the three is limiting the possibility of defense impairment. *Barker*, 407 U.S. at 532, 92 S. Ct. 2182. The burden is on the defendant to show actual prejudice to prove a speedy trial deprivation. *Sturgeon v. State*, 683 N.E.2d 612, 617 (Ind. Ct. App. 1997), *trans. denied*.

*Johnson*, 83 N.E.3d at 87. Oppressive pretrial incarceration is not an issue here as Spears was not incarcerated during the delay. Further, Spears makes no

argument that the delay caused him anxiety or concern and, as the State argues, "[a]ny anxiety or concern was due to his own criminal behavior and . . . his unannounced departure and fugitive status." Appellee's Br. p. 14. Rather, Spears argues that his defense was impaired because the investigating officer did not specifically recall the incident and refreshed his recollection with his report. The State points out that the passage of time was "actually beneficial to Defendant's defense" because the pictures of Kimberly's injuries were missing and Spears "capitalized" on the passage of time in his attempted impeachment of Kimberly and the officer." Appellee's Br. p. 14. We agree with the State that Spears "suffered no identifiable prejudice." *Id.* This factor also weighs against Spears.

[12] Each of the factors except the length of the delay weighs against Spears. Although the almost sixteen-year delay is clearly excessive, the reason for the delay due to Spears's absconding, the late assertion of the right to a speedy trial, and the lack of prejudice all weigh in favor of finding no violation of Spears's constitutional right to a speedy trial. We conclude that the trial court properly denied Spears's motion to dismiss.

## II. Sufficiency of the Evidence

[13] Next, Spears argues that the evidence is insufficient to sustain his convictions. In reviewing the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We only consider "the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* A conviction

will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* "'It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling.'" *Id.* at 1066-67 (quoting *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005)).

[14] Spears was convicted of Class B misdemeanor battery and Class B misdemeanor disorderly conduct. The offense of Class B misdemeanor battery is governed by Indiana Code Section 35-42-2-1, which required that Spears knowingly or intentionally touched Kimberly in a rude, insolent and angry manner. The offense of Class B misdemeanor disorderly conduct is governed by Indiana Code Section 35-45-1-3, which required that Spears knowingly or intentionally engaged in fighting.

[15] Spears argues that "any instance of Spears making contact with Kimberly Spears was accidental and was not an intentional act of battery or a reckless act of disorderly conduct." Appellant's Br. p. 14. The State presented evidence that Spears got into an argument with Kimberly and grabbed her neck, dragged her to the door, and kicked her out of the house. As a result, Kimberly had red marks on her neck and shoulder and abrasions to her arm. Spears's argument is a request to reweigh the evidence and judge the credibility of the witnesses, which we cannot do. The evidence is sufficient to sustain his convictions.

# Conclusion

[16] The trial court properly denied Spears's motion to dismiss, and the evidence is sufficient to sustain his convictions. We affirm.

[17] Affirmed.

Vaidik, C.J., and Pyle, J., concur.